IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM H. SNAVELY,

        Plaintiff,

                                    CIVIL ACTION
   vs.                              No. 05-3468-SAC

KANSAS DEPARTMENT OF CORRECTIONS, et al.,


        Defendants.


ORDER


    This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody.  Plaintiff proceeds pro se and submitted the full filing fee.

**Background**

    Plaintiff presents a sixteen-count complaint  alleging violations of his constitutional rights.  His claims, briefly summarized, allege (1) the denial of his right to petition the government for redress; (2) religious persecution arising from the circulation of an invitation to "The InnerChange Freedom Initiative"; (3) cruel and unusual punishment as a result of being required to stand for population count; (4) cruel and

unusual treatment incident to plaintiff's fall in a supply closet; (5) cruel and unusual punishment arising from a lack of adequate medical care in September 2005; (6) cruel and unusual treatment arising from lack of access to special shower facilities and the removal of stair restrictions; (7) denial of due process arising from the plaintiff's dissatis-faction with the performance of his retained counsel; (8) denial of the right to petition the government arising from perjury and falsification of records by a staff member; (9) cruel and unusual punishment arising from plaintiff's alleged contraction of an infectious skin condition from a staff member; (10) cruel and unusual punishment caused by the denial of access to special shower facilities and appropriate pain medication from October through December 2005; (11) cruel and unusual punishment arising from the failure to provide competent medical staff; (12) religious discrimination arising from the invitation to the InnerChange Freedom Initiative of Kansas; (13) cruel and unusual punishment arising from the failure to provide proper treatment for plaintiff's ankle injury, tooth decay, and sleep apnea; (14) cruel and unusual punishment arising from the failure to provide plaintiff with an aide in the D-Cellhouse or to provide topical  painkillers

2

during January and February 2006; (15) cruel and unusual treatment arising from requiring the plaintiff to stand during count, resulting in his fall on March 25, 2006; and (16) cruel and unusual treatment arising from the denial of proper treatment for acid reflux disease in March 2006.   (Docs. 13 and 20.)

### Discussion

This matter is subject to 42 U.S.C. § 1997e(a), which provides "[N]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This exhaustion requirement is "mandatory" and applies to all "inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).  Exhaustion is required so long as authorities at the administrative level have the authority to take some corrective action. Booth v. Churner, 532 U.S. 731, 740 (2001)("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

In the Tenth Circuit, the plaintiff has the burden of pleading exhaustion of administrative remedies, and "a

3

prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1211 (10th Cir. 2003).

It also is settled in the Tenth Circuit that the Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The administrative remedy process available to Kansas prisoners is codified in K.A.R. 44-15-102 and requires an inmate to first attempt informal resolution through the unit team.  K.A.R. 44-15-102(a).  If the Unit Team is unable to solve the problem or fails to respond within 10 calendar days, the prisoner may then present the complaint to the warden. K.A.R. 44-15-102(b).  Each grievance submitted to the warden is to be returned to the prisoner with a response within 10 working days.  K.A.R. 44-15-102(b)(3)(A)(ii).  The warden may reject the grievance if the form fails to document unit team

4

action.  K.A.R. 44-15-102(b)(3)(F).  If the warden fails to respond within the time allowed, the prisoner may send the grievance to the Secretary of Corrections.  K.A.R. 44-15-102(b)(3)(G).  Alternatively, if the response is timely but is not satisfactory, the prisoner then may appeal to the Secretary of Corrections.  K.A.R. 44-15-102(b)(3)(G)(1).  The Secretary has twenty working days to respond.  K.A.R. 44-15-102(b)(3)(G)(3).

The court has examined the record carefully and finds that few of the sixteen claims presented by the plaintiff have been fully exhausted.  Plaintiff claims he has been unable to pursue administrative remedies.  See, e.g., Doc. 17, p. 1.  He states that because of "attempted and threatened disciplinary action and extension of prison sentence", he instead uses "letters of notification" to the warden and Secretary of Corrections.  (Doc. 20, p. 3.)

A court must consider whether a prisoner was prevented from pursuing remedies due to acts by prison authorities. Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).

First, although plaintiff claims he is afraid to pursue administrative remedies for fear of disciplinary action, the

record before the court shows only that plaintiff received
three disciplinary reports in December 2005.  The reports were
prepared by Unit Team Manager Medill.   The first report
charges  insubordination or disrespect in violation of K.A.R.
44-12-305,  and alleges that plaintiff referred to Medill as
a "prison guard" rather than a Unit Team Manager and that he
refers to Medill as "lazy and incompetent" in the grievance.
The second disciplinary report charges plaintiff with falsify-
ing documents  and lying.  The report states, in part, that
plaintiff "attached a copy of a grievance receipt to a
grievance [Medill] ha[d] never seen making it appear that [he]
ignored his grievance....Also, his attached receipt is not
signed as [Medill] personally sign[s] documents."  The third
report charges plaintiff with falsifying documents and lying
and states the plaintiff is given the opportunity to shower
every day.  (Doc. 7, Attach.)  Plaintiff has not provided any
information concerning the outcome of any of these disciplin-
ary reports.  Having examined the record, the court finds no
compelling evidence of interference with plaintiff's access to
the grievance procedure.

Next, the plaintiff has made no showing that he pursued
the remedies according to the regulation.  Because the

regulation allows a prisoner to proceed to a higher level of review if a grievance is not processed in a timely manner, plaintiff's bare claim that grievances are not processed is not sufficient to demonstrate exhaustion. Plaintiff, for example, has not provided copies or dates to demonstrate that he presented grievances at each level of review. His conclusory statement is not sufficient to support a finding of exhaustion.

Finally, the record shows that plaintiff abandoned the grievance procedure in early December 2005. On December 9, 2005, plaintiff sent correspondence to the Secretary of Corrections appealing the decision in two grievances. The correspondence states, in part, "I refuse to participate in the grievance procedure any further." (Doc. 19, Attach.) Because plaintiff amended his complaint to assert claims arising after that time, it is evident that he has failed to properly exhaust every claim, as required by Ross v. County of Bernalillo.

Having weighed these factors, the court concludes the plaintiff has not established that he pursued available administrative grievances before commencing this action. Plaintiff has not established that he sought review as

7

provided by the statute, and he advised prison authorities in writing in December 2005 that he would no longer participate in the grievance procedure.  Accordingly, the court concludes this matter is subject to dismissal without prejudice.

Plaintiff also moves for reconsideration of the denial of his motion for preliminary injunction.  The court has examined the request and finds no reason to grant the relief sought. In denying relief, the court determined that plaintiff's request  was a challenge to the type of dental care which had been offered.  As the court explained in the earlier order, a difference of opinion regarding the prescribed course of medical care does not state a constitutional violation and does not establish a basis for relief.  <u>Perkins v. Kansas Dept. of Corrections</u>, 165 F.3d 803, 811 (10th Cir. 1999). Plaintiff's motion for reconsideration does not establish any basis to overturn the denial of preliminary injunctive relief and must be denied.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 8) is granted.

IT IS FURTHER ORDERED plaintiff's motions for the appointment of counsel (Doc. 4), for preliminary injunction (Docs. 5, 7, and 17), and for ruling (Doc. 15) are denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for reconsideration (Doc. 12) is denied.

IT IS FURTHER ORDERED this matter is dismissed without prejudice due to plaintiff's failure to properly exhaust all claims through the administrative remedy procedure.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of June, 2006.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge