IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM H. SNAVELY,**

        **Plaintiff,**

                                    **CIVIL ACTION**
    **vs.**                                       **No. 05-3468-SAC**

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

        **Defendants.**


ORDER

This matter is before the court on plaintiff's motion for reconsideration (Doc. 23). Plaintiff seeks review of the court's order of June 22, 2006, dismissing this matter without prejudice due to his failure to exhaust all claims through the administrative remedy procedure.

A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D.Kan. Rule 7.3.

In this case, reconsideration may be granted based upon the recent decision of the United States Supreme Court in <u>Jones v. Bock</u>, 549 U.S. ___, 127 S.Ct. 910 (2007). That opinion abro-

gates Tenth Circuit case law interpreting the exhaustion requirement incorporated in the Prison Litigation Reform Act in 42 U.S.C. § 1997e(a) and constitutes an intervening change in controlling law.  In Jones, the Supreme Court determined that the failure to exhaust administrative remedies is an affirmative defense and that proof of exhaustion should not be imposed as a pleading requirement.  Jones, 127 S.Ct. 910 at 919-21 (abrogating Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003)).  Likewise, Jones establishes that a prisoner's exhaustion of some, but not all, claims does not require the court to dismiss the entire action.  Id. (abrogating Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)).

Because the dismissal of the present case relied on both the Steele and Ross decisions, the motion for reconsideration will be granted and the clerk of the court will be directed to reopen this matter.

Plaintiff has submitted the full filing fee, and the court finds that a response is necessary in this matter.  First, however, to assure the amended complaint submitted in this matter (Doc. 13), is properly served, the court will direct the plaintiff to supplement the amended complaint with a list of the defendants named therein.

Next, the court will dismiss defendant Chris Cowger from

this action.  While an action pursuant to 42 U.S.C. § 1983 provides a remedy for action taken by a person acting under color of state law, an attorney hired by a prisoner to serve as counsel is not acting under color of state law.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Because plaintiff's complaints against defendant Cowger arise from their contractual relationship, Cowger did not act under state law and no claim is stated under § 1983.

Finally, the court notes the plaintiff's pleadings frequently include language which can only be characterized as abusive.  See, e.g., Doc. 23, p. 15 "Is this Court really so desperate to clear its docket, that it will stoop to fraudulently manufacturing evidence to make a bogus decision "seem" pious, to a higher court, upon review??"  The court advises plaintiff that future pleadings containing such language may be stricken by the court in the exercise of its inherent power to impose order upon those matters before it.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration (Doc. 23) is granted.  The clerk of the court is directed to reopen this action.

IT IS FURTHER ORDERED defendant Chris Cowger is dismissed from this action.

IT IS FURTHER ORDERED plaintiff is granted to and including March 12, 2007, to supplement the amended complaint as directed.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of February, 2007.

>S/ Sam A. Crow
>SAM A. CROW
>United States Senior District Judge