IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM H. SNAVELY, III,**

    **Plaintiff,**

    **vs.**
                                   CIVIL ACTION
                                                No. 05-3468-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act by a prisoner in the custody of the Secretary of the Kansas Department of Corrections.

The matter comes before the court on the following motions:

Doc. 40: plaintiff's emergency motion for relief;

Doc. 82: motion of defendants Dorothy, Bartz, and Jackson (CCS defendants) to dismiss for failure to state a claim for relief; or, in the alternative, for summary judgment;

Doc. 83: motion of CCS defendants for more definite statement;

Doc. 85: plaintiff's motion for stay;

Doc. 87: plaintiff's motion for summary judgment;

Doc. 88: plaintiff's motion for injunctive relief; and

Doc. 90: plaintiff's motion to remove the Kansas Attorney General as counsel in this matter.[1]

The court will address these motions in turn.

*Motion for emergency injunctive relief*

Plaintiff claims defendants have imposed "pedantic devices" to interfere with his access to the courts. He states that he is required to stand to receive his legal mail or sign documents, in contravention of restrictions based on his medical condition, and that he has been denied access to photocopy services because he is in debt for copying services.

To obtain either a temporary restraining order or a preliminary injunction, plaintiff must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the moving party if the injunction is denied; (3) the threatened injury to the plaintiff outweighs any harm that injunctive relief might cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

The party seeking a preliminary injunction has a burden to

---

[1] Plaintiff's combined motion to reconsider and motion to sever (Doc. 52) remains pending before the court and will be addressed in a separate order.

establish the right to relief by clear proof.  Such relief is an extraordinary remedy and is not to be granted as a matter of right.  *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).

The court has studied the motion and considered the documents now on file in this matter.  First, plaintiff offers no support for his claim that he is under restrictions that prevent him from standing for the time necessary to receive mail or to process documents, nor does he suggest the amount of time he has been required to wait.  The materials elsewhere in the record[2] demonstrate that plaintiff has health concerns, but the court has found no document that completely restricts plaintiff from walking or standing.

Next, to the extent plaintiff seeks injunctive relief granting him access to free photocopying services, he must show that the failure to provide him with such services is prejudicial to his ability to pursue his litigation.  *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Access to photocopying services "is not an independent constitutional right" and exists only where necessary to the prisoner's right to seek legal redress.  *Muhammad v. Collins*, 241 Fed. Appx. 498 (10th

---

[2] *See, e.g. Martinez* report and Ex. 1 (medical records)(Doc. 65).

3

Cir. 2007)(citing *Carper v. DeLand*, 54 F.3d 613, 616-17 (10th Cir. 1995)("a state has no affirmative constitutional obligation to assist inmates in general civil matters")). *See also Harrell v. Keohane*, 621 F.2d 1059, 1061 (10th Cir. 1980)("[a] prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine, particularly when ... there are suitable alternatives.")

Here, the plaintiff's recitation of the information he received from the Kansas Supreme Court establishes that legible, hand-written copies were sufficient to meet the requirement that he provide copies. (Doc. 40, p.3.) While plaintiff protests this number of copies would have been difficult to produce, he has not established that the burden was unreasonable.

The court concludes plaintiff has not sustained the burden to show the extraordinary remedy he seeks is warranted and denies his emergency motion for injunctive relief.

*CCS defendants' motion to dismiss, or, in the alternative, for summary judgment*

Defendants Dorothy, Ellen Bartz, and Beverly Jackson, (CCS defendants)[3] have filed a motion to dismiss, or, in the alterna

---

[3] It appears from the materials submitted in support of the *Martinez* report that these defendants are employees of Correct Care Services. This order refers to them as CCS defendants to distinguish them from employees of the Kansas Department of Corrections who also are defendants in this

4

tive, for summary judgment (Doc. 82).

Plaintiff's allegations against these defendants, all nurses at the Lansing Correctional Facility, are that (1) defendant Dorothy took his wheelchair (Doc. 39, ¶ 35), (2) defendant Dorothy took pleasure in the removal of plaintiff's stair restriction (Doc. 39, ¶ 47), and that defendants Bartz and Jackson took his crutches (Doc. 39, ¶ 36).

Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The grounds asserted for dismissal are: (1) that plaintiff failed to exhaust administrative remedies; (2) that plaintiff fails to state a claim for relief under the Americans with Disabilities Act; and (3) that plaintiff fails to state a claim for relief on the claim of constitutionally inadequate medical care.

Since that motion was filed, plaintiff has filed a motion to stay (Doc. 85) and a motion for summary judgment against these defendants (Doc. 87)[4]. Defendants responded to both pleadings.

---

matter.

[4] The court liberally construes pleadings filed by a party proceeding pro se, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and has considered plaintiff's motion for summary judgment as a motion pursuant to Fed. R. Civ. P. 56 and as a response to defendants' motion to dismiss or for summary judgment.

*The motion to stay*

Plaintiff seeks a stay in this matter pending the resolution of his motion to reconsider (Doc. 52), and he alleges that he is proceeding pro se and lacks access to an adequate law library.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The decision whether to grant a stay ordinarily is within the discretion of the district court. *See Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963).

A movant seeking a stay until a separate controversy is resolved "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255; *see also Span-Eng Associates v. Weidner*, 771 F.2d 464, 468 (10th Cir. 1985)(where movant seeks relief that would delay proceedings by other litigants, movant must "'make a *strong showing of necessity* because the relief would severely affect th rights of others'")(emphasis in original)(quoting *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983)).

The court denies plaintiff's motion to stay. Even viewed under the liberal standard that must be afforded to the pleadings of a pro se litigant, the motion does not state any persuasive basis for a stay. First, plaintiff has now filed a cross-motion for summary judgment against the CCS defendants (Doc. 87). Second, because his motion to reconsider does not appear to have any bearing on the motion to dismiss filed by these defendants, there is no reason to delay the resolution of their dispositive motion.

As noted, the CCS defendants seek dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56.

Because the court has considered the *Martinez* report in evaluating defendants' claims, the court resolves the motion under the defendants' request for summary judgment. A *Martinez* report is to be used to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1990). "On summary judgment, a *Martinez* report is treated like an affidavit, and the court is not authorized to accept its fact findings if the prisoner has presented conflicting evidence." *Northington v. Jackson,* 973 F.2d 1518, 1521 (10th Cir. 1992).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). A fact is "material" if it could reasonably affect the outcome of the action. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In considering such a motion, the court views all evidence in the light most favorable to the opposing party. *McKenzie v. Mercy Hosp.,* 854 F.2d 365, 367 (10th Cir. 1988). The movant must demonstrate an entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas Co.,* 754 F.2d 884, 885 (10th Cir. 1985).

Defendants first seek summary judgment on the ground that plaintiff failed to pursue administrative remedies to resolve his claims against these defendants. Such exhaustion is required under a provision of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), which states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such adminis-

trative remedies as are available are exhausted."

Plaintiff's motion for summary judgment does not address this argument.

The court has reviewed the grievance materials appended to the *Martinez* report and has found no grievance that refers to any of the defendants. In light of plaintiff's failure to respond to this argument and the lack of any evidence that he presented his claims through the grievance procedure, the court concludes defendants are entitled to judgment on this ground.

Defendants also seek summary judgment on the ground that plaintiff has failed to state a claim for relief against them under the Americans with Disabilities Act (ADA). Again, plaintiff's motion for summary judgment does not respond to this argument for dismissal.

The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This ban of discrimination by public entities "unmistakably includes State prisons and prisoners." *Pennsylvania Department of Corrections v. Yeskey,* 524 U.S. 206, 209 (1998).

To establish a violation of 42 U.S.C. § 12132, a plaintiff

must prove "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs or activities ...; and (3) that such exclusion, denial of benefits, or discrimination, was by reason of [his] disability." *Tyler v. City of Manhattan,* 849 F.Supp. 1429, 1439 (D.Kan. 1994).

However, not every claim advanced under the ADA by a prisoner alleging a lack of adequate medical care is cognizable under that provision. The United States Court of Appeals for the Tenth Circuit has stated:

> [T]he failure to provide medical treatment to a disabled prisoner, while perhaps raising Eighth Amendment concerns in certain circumstances, does not constitute an ADA violation. *See Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996)(concluding that the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners" and that the statute "does not create a remedy for medical malpractice"); *McNally v. Prison Health Servs.,* 46 F.Supp.2d 49, 58 (D.Me.1999)(distinguishing between "claims that the medical treatment received for a disability was inadequate from claims that a prisoner has been denied access to services or programs because he is disabled," and concluding that only the latter class of claims states an ADA violation). *Rashad v. Doughty,* 4 Fed.Appx. 558, 560 (10th Cir. Jan. 29, 2001).

The court is persuaded that plaintiff's claim that he was deprived of certain medical equipment by the defendants presents

10

a claim of inadequate medical care rather than a claim of a denial of access to services or programs that could establish a violation of the ADA. As defendants argue, plaintiff has not alleged any denial by them of a public entity's services, programs, or activities, nor has he shown any retaliatory conduct by them that is based on his opposition to an act or practice made unlawful by the ADA.

Rather, the defendants have pointed to specific parts of the record which show: (1) a physician entered orders for the issuance of a cane to the plaintiff, and he received that item on September 3, 2005 (Doc. 65, Attach. 1, p.3); (2) on June 20, 2006, Dorothy Williams, RN, made a progress note that plaintiff reported to sick call and requested to trade his wheelchair for crutches. Pursuant to instructions from one K Palmer RN, HSA, Nurse Williams was instructed to take the wheelchair from the plaintiff and to advise him that he could not have crutches (*Id.*, p. 23); and (3) on the same day, Marvel Green, LPN, prepared a progress note that there was no documentation supporting plaintiff's need for a wheelchair (*Id.*, p. 24).

Having considered the record, the court finds the plaintiff's challenge is best characterized as alleging a denial of medical care and concludes the complaint fails to state a claim for relief under the ADA.

Finally, defendants seek summary judgment on plaintiff's claim that he was denied constitutionally adequate medical care.

A prisoner's right to medical care is governed by the Eighth Amendment, which requires prison officials to provide humane conditions of confinement, including essential medical care. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994) and *Estelle v. Gamble,* 429 U.S. 97, 103 (1976).

In *Estelle v. Gamble*, the United States Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitut[ing] the 'unnecessary and wanton infliction of pain,'" may amount to a violation of the Eighth Amendment. *Id.* at 104 (citation omitted). The Court clarified in *Wilson v. Seiter*, 501 U.S. 294 (1991), that the deliberate indifference standard has two components: first, an objective component which requires the plaintiff's pain or deprivation be sufficiently serious, and second, a subjective component in which it must be shown that the defendant officials acted with a sufficiently culpable state of mind.

Neither negligence nor medical malpractice is sufficient to state a claim under the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986)(liability under the Eighth Amendment involves "more than ordinary lack of due care for the prisoner's interests or safety"). Likewise, a prisoner's

disagreement with the medical care provided is not sufficient to establish a constitutional violation. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment").

Here, the medical records appended to the *Martinez* report document a course of care provided to the plaintiff and demonstrate both that his need for medical equipment was evaluated on an ongoing basis, and that the actions of the defendants were consistent with the medical orders given. Although plaintiff was dissatisfied with the care he received, that alone is not sufficient to state a claim for relief under the Eighth Amendment.

Accordingly, the court will grant defendants' motion to dismiss, or, in the alternative, for summary judgment and will deny their motion for more definite statement on the ground of mootness.

*Plaintiff's motion for summary judgment*

Plaintiff's motion for summary judgment against the CCS defendants claims these defendants, by electing to file a dispositive motion and other pleadings rather than an answer, have endeavored to stall this matter. Plaintiff also states the

13

defendants abused their positions of authority by collusion with medical staff and prison administrators, and he claims there are video records that would show defendants' co-workers physically harming him. Finally, he asks the court to issue bench warrants for defendants and co-workers, or, in the alternative to assist him in contacting authorities.

Defendants filed a response in opposition to the motion. The court has examined the motion and concludes plaintiff is not entitled to summary judgment. First, his argument that the defendants have attempted to stall the progress of this matter by filing a dispositive motion is not well-taken. As defendants note, the filing of a motion pursuant to Fed. R. Civ. P. 12(b) "must be made before pleading if a responsive pleading is allowed." Next, plaintiff's motion does not offer any statement of facts, does not refer to any evidence, and does not present any supported argument that he is entitled to judgment as a matter of law. Third, the motion introduces allegations against "Nurse Lane", who is not a party to this action. The plaintiff has not come forward with any specific evidence or legal theory showing that he is entitled to judgment as a matter of law, and the court denies his motion for summary judgment.

*Plaintiff's motion for injunctive relief*

Plaintiff's motion for injunctive relief alleges he is

subjected to retaliatory action taken by defendants and their co-workers (Doc. 88).  His claims concern a 2011 physical assessment that he alleges was illegally altered by a party who has not appeared in this action and hardship caused by his inability to walk to the dining hall during winter weather in 2011.

Defendants Blankenship, Foster, Green, McKune, Nance, Spear, Trexler, Walker, and Werholtz (KDOC defendants) filed a response (Doc. 89) in which they assert the plaintiff's claims in the motion, which allege acts of retaliation in 2011, should be construed as a motion to amend and denied.  The CCS defendants filed a separate response (Doc. 91) which asserts a substantially similar argument.

The court agrees both that the plaintiff's motion introduces new claims and that such claims should be presented in a motion to amend.  The court will so construe the motion and will deny the request.

A motion to amend is governed by Fed. R. Civ. P. 15. Pursuant to Fed.R.Civ.P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires."

The United States Supreme Court has addressed the propriety of allowing amendment to a complaint:

If the underlying facts or circumstances relied upon

> by a plaintiff may be a proper subject of relief, he
> ought to be afforded an opportunity to test his claim
> on the merits. In the absence of any apparent or
> declared reason-such as undue delay, bad faith or
> dilatory motive on the part of the movant, repeated
> failure to cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party by
> virtue of allowance of the amendment, futility of
> amendment, etc.-the leave sought should, as the rules
> require, be "freely given." Of course, the grant or
> denial of an opportunity to amend is within the
> discretion of the District Court, but outright refusal
> to grant the leave without any justifying reason
> appearing for the denial is not an exercise of discre-
> tion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.
> *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Here, plaintiff's claims are remote in time from the initial complaint in this action and do not involve parties named in the original complaint. The parties, having responded to the complaint, should not be required to respond to additional and essentially unrelated claims. Rather, plaintiff must present any new claims in a new action following the exhaustion of available administrative remedies.

*Plaintiff's motion to remove the Kansas Attorney General*

Plaintiff moves for the disqualification of the Kansas Attorney General as counsel in this matter (Doc. 90). He reasons that the defendants in this matter are criminally liable and contends it is a conflict of interest for them to secure representation from the Kansas Attorney General.

The KDOC defendants oppose the motion on the ground that no conflict of interest exists (Doc. 93).

A motion to disqualify is governed by both the rules of the court in which the attorney appears and by standards developed under federal law. *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1388 (10th Cir. 1994). In Kansas, the federal courts have adopted the Kansas Rules of Professional Conduct (KRPC). D. Kan. R. 83.6.1(a). Under KRPC 7.1, a lawyer must not represent a client "if the representation involves a concurrent conflict of interest."

Contrary to plaintiff's characterization, the present action is a civil action, not a criminal proceeding, and the record contains no basis to conclude a concurrent conflict of interest exists.

First, the plaintiff's allegation of criminal liability is not properly before this court. The prosecution of criminal actions in the federal courts lies within the discretion of the Attorney General of the United States and duly authorized United States Attorneys. Thus, a private citizen may not prosecute a criminal action unless some private right of action is expressly granted. *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, 2000 WL 1114237, *2 (10th Cir. Aug. 8, 2000)(Table). Plaintiff makes no argument to suggest the existence of any such private

17

right of action.

Next, the Kansas Attorney General is directed by state law to represent state employees in the defense of a civil action, K.S.A. 75-6108.

Plaintiff has offered no viable basis for a finding of a conflict of interest, and the disqualification of the Attorney General in this matter is simply unwarranted.

The court denies plaintiff's motion for disqualification.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's emergency motion for injunctive relief (Doc. 40) is denied.

IT IS FURTHER ORDERED the motion to dismiss, or, in the alternative, for summary judgment filed by the CCS defendants (Doc. 82) is granted. The motion for a more definite statement (Doc. 83) filed by these defendants is denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for stay (Doc. 85) is denied.

IT IS FURTHER ORDERED plaintiff's motion for summary judgment (Doc. 87) is denied.

IT IS FURTHER ORDERED plaintiff's motion for injunctive relief (Doc. 88) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff's motion to remove the Kansas Attorney General (Doc. 90) is denied.

Copies of this Memorandum and Order shall be transmitted to the parties.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 30th day of March, 2011.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge