IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM H. SNAVELY, III,**

      **Plaintiff,**

                                  CIVIL ACTION
  **vs.**                                  No. 05-3468-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,**
**et al.,**

      **Defendants.**

MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's combined motion to reconsider and motion to divide complaint into two (Doc. 52). Plaintiff seeks reconsideration of the court's earlier order (Doc. 41) in which the court determined that 11 of the 20 claims and 37 of the 61 defendants identified in plaintiff's amended complaint were subject to dismissal.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Instead, a party subject to an adverse ruling may file a motion to alter or amend the order or judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the order or judgment pursuant to Fed.R.Civ.P. 60(b). *See Van Skiver v. United States, id.*

Determining which rule applies to a motion to reconsider depends upon the time such a motion is filed: Rule 59(e) applies when the motion is filed within 28 days of the order or judgment; Rule 60(b) governs all other motions. *See* Fed.R.Civ.P. 59(e). Plaintiff's motion was filed within thirteen days of the order, and therefore, it is treated as a motion filed pursuant to Rule 59(e).

"A motion under Rule 59(e) is warranted when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). A district court has broad discretion in ruling on such a motion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). However, a motion filed pursuant to Rule 59(e) should not be used to rehash arguments that have been presented or to assert new arguments that could have been raised earlier. *Servants of Paraclete, id.*

The court begins its discussion with the claims which are included in the present action, namely, Claims 1,2,3,4,6,7,10, 12, and 18[1].

---

[1] Plaintiff does not seek review of the court's earlier rulings concerning Claims 3 and 7.

Regarding Claims 1 and 2, plaintiff asserts that every KDOC employee "above the four listed defendants in the KDOC hierarchy" (Doc. 52, p. 3) should be included. However, plaintiff has not specifically identified any defendant by name, identified any personal participation by any such defendant, nor offered any support for the bare claim that such unnamed defendants should have known of or addressed problems with unsafe working conditions. This claim is vague and does not warrant relief under Rule 59(e).

Claim 4: Plaintiff presents a similar assertion, alleging that this claim should include every person in the chain of command for both the Kansas Department of Corrections and Correct Care Services. Again, because plaintiff has identified no specific defendant and presents only unsupported allegations of responsibility, he is not entitled to reconsideration concerning this claim.

Claim 6: plaintiff seeks the inclusion of Deputy Warden Winkelbauer as a defendant. However, neither the statement of the claim nor the related statements of fact identify this defendant. Plaintiff has not identified any part of his amended complaint that alleges action by defendant Winkelbauer concerning the alleged failure to forward an emergency grievance to the warden on one occasion, and the court finds no basis to

grant relief.

Claim 10: Plaintiff alleges this claim, which is proceeding against defendants McKune, Werholtz, Medill, and Jones, should include the Kansas Department of Corrections because it involves a continuing course of conduct. The court has reviewed the portions of the amended complaint cited as the basis for Claim 10 but finds no support for plaintiff's argument.

Claim 12: Plaintiff seeks to add a claim that the conduct alleged in this claim, namely, the endorsement of a religious tract, violated a state statute. This claim was not asserted in the amended complaint, and it is not properly presented in a motion pursuant to Rule 59(e).

Claim 18: Plaintiff asks that the claim of verbal abuse be reinstated, claiming it is an example of contempt. Because there is clear case law that rejects verbal abuse as the basis for a constitutional claim, the court rejects this request.

Next, the court considers the portion of the motion that concerns the claims that were dismissed without prejudice by the court's earlier order, namely, Claims 5, 8, 9, 11, 13, 14, 15, 16, 17, 19, and 20. Plaintiff moves for an order dividing the complaint into two. Because the court dismissed these misjoined claims without prejudice, the court sees no basis for an additional order dividing the complaint. Rather, plaintiff may

elect to refile the claims he wishes to pursue.

For the reasons set forth, the court denies plaintiff's combined motion to reconsider and to divide the complaint (Doc. 52). The court notes the defendants' request for a jury trial on the claims remaining in this action and will refer this matter for pretrial proceedings by a separate order. Plaintiff's motion to appoint counsel (Doc. 96) will be considered during the pretrial phase of this action.

Also before the court is plaintiff's motion for reconsideration (Doc. 97) filed following the court's order of March 30, 2011, in which the court denied plaintiff's emergency motion for injunctive relief, granted the motion to dismiss, or in the alternative, for summary judgment filed by defendants Dorothy, Bartz, and Jackson, denied plaintiff's motions for stay and for summary judgment, denied a second motion for injunctive relief without prejudice, and denied plaintiff's motion to remove the Kansas Attorney General.

Defendants Dorothy, Bartz, and Jackson filed a response (Doc. 98).

The court has construed this motion as a motion under Rule 59(e) and has considered whether the plaintiff has identified an intervening change in the controlling law, newly discovered evidence which was previously unavailable, or clear error in the

5

earlier order.  Because the court has not identified any such grounds in the plaintiff's motion, the court will deny the motion for reconsideration.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's combined motion for reconsideration and motion to divide complaint into two (Doc. 52) is denied.

IT IS FURTHER ORDERED plaintiff's motion for reconsideration (Doc. 97) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 29th day of September, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge