IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM H. SNAVELY, III,**

       **Plaintiff,**

    v.           CASE NO. 05-3468-SAC

**KANSAS DEPARTMENT OF CORRECTIONS,
et al.,**

       **Defendants.**

**MEMORANDUM AND ORDER**

  This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. The matter comes before the court upon three motions filed by the plaintiff, namely,

  #131 motion for reconsideration and for immediate injunctive relief;

  #134 motion (captioned as objection to order)[1]; and

  #141 motion for restraining order.

*Motion for reconsideration and injunctive relief (Doc. 131)*

  Plaintiff seeks reconsideration of the July 24, 2012, order entered by Magistrate Judge Sebelius (Doc. 130) alleging it contains erroneous conclusions and misstatements of fact. The order in question denied plaintiff's request to reschedule a pretrial conference.

  Plaintiff's motion for reconsideration contains a variety of claims concerning his conditions of confinement and broad allegations that exposure to those conditions constitutes torture. Plaintiff also complains about the greater resources available to the Kansas Attorney

---

[1] This pleading was docketed as a motion upon the request of the Magistrate Judge and was entered on the docket on August 3, 2012.

General, as opposed to his own status as a pro se litigant. He contends that due to this inequality, it would be unfair to expect him to represent his own interests in a conference.

However, nothing in the motion supports a conclusion that plaintiff should be relieved from participation in telephonic conferences with the court either due to the conditions of his confinement or his current status as a party proceeding pro se.

First, it is well-settled law that a party in a civil action has no constitutional right to the assistance of counsel. *See Johnson v. Johnson*, 466 F.3d 1213, 1216 (10th Cir. 2006) and *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)("There is no constitutional riht to appointed counsel in a civil case."). Next, while a federal court "may request an attorney to represent any person unable to afford counsel", *see* 28 U.S.C. § 1915(e)(1), the decision rests in the discretion of the court. The record shows the Magistrate Judge has gone to considerable lengths in this matter to obtain counsel for the plaintiff, but those efforts have been unsuccessful to date. Nevertheless, this does not provide a basis for plaintiff to refuse to participate in conferences or other proceedings scheduled by the Magistrate Judge. Plaintiff's motion is denied.

*Plaintiff's objection to order (Doc. 134)*

Plaintiff objects to the court's order directing him to submit an initial partial appellate filing fee (Doc. 112). That order concerned plaintiff's interlocutory appeal, Case No. 11-3304. The interlocutory matter was dismissed for lack of jurisdiction on December 21, 2011  (Doc. 111).

The court has considered the record and the appellate order of dismissal. Because the court finds no directive in that order imposing

a filing fee, the court concludes the order directing plaintiff to pay an appellate filing fee may be withdrawn. Accordingly, the court grants that portion of the motion. To the extent plaintiff seeks additional relief from the court, such as broad directives on how the Kansas Department of Corrections may access plaintiff's funds to pay fee obligations, the court declines to grant such relief on the present record. Likewise, to the extent plaintiff asks that the court reopen the appeal, such a request must be addressed to the appellate court.

*Motion for restraining order (Doc. 141).*

Plaintiff seeks a restraining order against three guards, asserting that one of the three, Officer Schiller, attacked him in 2009 outside the prison. He also seeks a court order for a prisoner witness acceptable to the plaintiff to accompany him if he is transported anywhere outside the prison.

The function of a temporary restraining order is to "preserve the status quo pending the outcome of the case." *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.,* 805 F.2d 351, 355 (10th Cir. 1986).

The Tenth Circuit has stated that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009). Thus, a grant of such relief "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

To obtain this relief, plaintiff may not rest on bare allegations, but instead must show by clear proof that (1) he will suffer irreparable injury unless the relief is granted; (2) the threatened harm outweighs any damage the relief sought would cause

the opposing parties; (3) the remedy, if granted, would not be adverse to the public interest; and (4) there is a substantial likelihood that plaintiff will prevail on the merits in this action. *See Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir 2010).

The court has considered the plaintiff's argument but concludes the plaintiff has not made the extraordinary showing that is required in this context. In reaching this conclusion, the court has reviewed the plaintiff's allegations against Officer Schiller that were included in the proposed amended complaint. Even accepting plaintiff's earlier allegations as true, the court cannot conclude that plaintiff has shown by clear proof that he will suffer irreparable injury unless the relief is granted. Rather, the court concludes the plaintiff's request for a temporary restraining order and an inmate witness approved by the plaintiff simply presents a demand for an intrusion into the management decisions of prison administrators. That intrusion is unwarranted on the basis of plaintiff's conclusory allegations.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for reconsideration and for immediate injunctive relief (Doc. 131) is denied.

IT IS FURTHER ORDERED plaintiff's motion for relief (Doc. 134) is granted in part and denied in part. No filing fee is assessed for the interlocutory appeal assigned Case No. 11-3304. All other relief sought by the plaintiff is denied.

IT IS FURTHER ORDERED plaintiff's motion for temporary restraining order (Doc. 141) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 10th day of October, 2012, at Topeka, Kansas.

                                              S/ Sam A. Crow
                                              SAM A. CROW
                                              U.S. Senior District Judge